**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EASTBANC TECHNOLOGIES, LLC,** ) | |
| 1211 31st Street, N.W. ) | |
| Washington, DC 20007, ) | |
| ) | |
| **KUBLR, LLC,** ) | |
| 1211 31st Street, N.W. ) | |
| Washington, DC 20007, ) | |
| ) | Case No. 22-cv-2198 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **ANIMO SERVICES, LLC,** ) | |
| 11700 Preston Road ) | |
| Ste 660-394 ) | |
| Dallas, TX 75230, ) | |
| ) | |
| Serve: Kennedy Sutherland LLP ) | |
| 1305 E. Houston Street ) | |
| San Antonio, TX 78205 ) | |
| ) | |
| **WITH PURPOSE, INC.** ) | |
| 11700 Preston Road ) | |
| Ste 660-394 ) | |
| Dallas, TX 75230, ) | |
| ) | |
| Serve: Kennedy Sutherland LLP ) | |
| 1305 E. Houston Street ) | |
| San Antonio, TX 78205 ) | |
| ) | |
| Defendant. ) | |

<u>**FIRST AMENDED COMPLAINT FOR BREACH OF
CONTRACT**</u>

Plaintiff EastBanc Technologies, LLC ("Plaintiff" or "EastBanc"), hereby files this First

Amended Complaint for monetary damages against Defendant Animo Services, LLC, ("Animo")

and Defendant With Purpose, Inc. d/b/a Glorifi ("Glorifi"). In support of its claim, Plaintiff states

as follows:

1

## PARTIES

1.     Plaintiff EastBanc Technologies, LLC is a limited liability company with its principal place of business at 1211 31st Street, N.W., Washington DC, 20007, and was organized and exists under the laws of the District of Columbia.

2.     Plaintiff Kublr, LLC is a limited liability company with a principal place of business at 1211 31st Street, N.W., Washington DC, 20007, and was organized and exists under the laws of the District of Columbia.

3.     Defendant Animo Services, LLC is a limited liability company with its principal place of business at 11700 Preston Road, Ste 660-394, Dallas, Texas 75230. Animo was organized and exists under the laws of Texas.

4.     Defendant With Purpose, Inc. is a corporation with its principal place of business at 11700 Preston Road, Ste 660-394, Dallas, Texas 75230, and conducts business under the name of Glorifi. Glorifi was organized and exists under the laws of Texas.

## JURISDICTION

5.     This Court has subject-matter jurisdiction under 28 U.S.C. §1332 as the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the matter is between citizens of different states.

6.     Venue is proper in this district because the acts or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

7.     EastBanc is a full-service software development company offering software and systems development services including consultation services, project management, technology implementation, code review, and quality assurance.

2

8.      On November 20, 2021, EastBanc and Animo entered into a Master Services Agreement ("MSA") in which EastBanc agreed to provide Animo professional services, deliverables, and work product set out in any statements of work agreed upon by the parties. The MSA provided that any statements of work are incorporated into and form a part of the MSA. **The MSA is attached hereto as Exhibit 1.**

9.      EastBanc and Animo entered into four Time & Materials Statements of Work ("SOWs") dated November 19, 2021, January 5, 2022, January 20, 22022, and January 27, 2022 for various software products and services. The services to be performed by EastBanc are specified in the various SOWs, as is Animo's payment obligations. **The SOWs are attached hereto as Exhibits 2, 3, 4, and 5.**

10.     Both the MSA and SOWs provided that the software products and services were purchased for the benefit of Glorifi. The SOWs are titled, respectively, "Glorifi Banking System Implementation," "Glorifi API Implementation," "Glorifi Onboarding (Backbase)," and "Glorifi Brokerage Application." ***See* Ex. 2, 3, 4, and 5.** As provided in each of the SOWs, "Glorifi is a financial community built for every American, creating technology solutions suited for financial institutions, insurance companies, mortgage providers, and their customers." ***See* Ex. 2, 3, 4, and 5.**

11.     Pursuant to the section 7.11 of the MSA, all notices and communications for Animo were to be sent to an individual with an @glorifi.com email address. ***See* Ex. 1.**

12.     Some of agreements even indicated that payment was going to be made by Glorifi. Exhibits 2 and 3 indicate that EastBanc would submit electronic invoices for payment to accounting@glorifi.com, accounting.withpurpose@glorifi.com, and jonathan.pennington@glorifi.com. ***See* Ex. 2, 3.**

13.     Pursuant to section 1.4.3 of the MSA, EastBanc may immediately terminate the

MSA or any SOW upon fifteen (15) days' prior written notice if Animo fails to pay any fees or amounts when due. ***See*** **Ex. 1.**

14.     Pursuant to section 2.3 of the MSA, payment "is due within thirty (30) days from the date of invoice" and Animo shall pay EastBanc's "reasonable costs of collection of overdue amounts, including collection agency fees, attorney's fees, and court costs." ***See*** **Ex. 1.**

15.     Beginning in November 2021, EastBanc provided services and support as required under the MSA and SOW's, and Animo paid certain invoices as tendered by EastBanc. However, there came a time when Animo stopped paying for the services provided by EastBanc

16.     EastBanc invoiced Animo for services provided under the MSA  and SOW's on April 7, 2022, May 10, 2022, and June 10, 2022, and June 13, 2022, and June 20, 2022. **The Invoices are attached hereto as Exhibits 6,7, 8 and 9.**

17.     To date, Animo has failed to pay $2,179,789.60 in professional services fees, late fees, and cancellation fees for the period commencing April 7, 2022 through June 20, 2022, for services provided under the MSA and SOW's.

18.     On July 8, 2022 EastBanc and sent a demand letter to Animo noticing the default under the Master Services Agreement and the four associated Time & Materials Statement of Work, and demanded payment by July 23, 2022.

19.     To date, Animo has failed to pay any of the outstanding sums due and owing under the MSA or SOW's.

20.     Additionally, EastBanc Technologies created and developed Kublr, a container management platform.

21.     Kublr, LLC, which houses the product, is a subsidiary of EastBanc Technologies.

22.     On April 26, 2022, Kublr and Animo entered into the Kublr Master Agreement ("Master Agreement"), granting Animo a non-exclusive, non-transferable license to install Kublr

on workstations under Animo's control and to use Kublr in support of Animo's internal business operations. The Master Agreement provided that Kublr would deliver professional services pursuant to a statement of work. **The Master Agreement is attached hereto as Exhibit 10.**

23.     Kublr and Animo entered in a Statement of Work & Quote on April 26, 2022. **The Statement of Work is attached hereto as Exhibit 11.**

24.     The Master Agreement provided that the parties agreed to notify the other where there was "[n]otice of any third-party breaches that could impact Animo/Glorifi indirectly" and additionally that notifications could be sent to vendormanagement@glorifi.co. ***See* Ex. 10.**

25.     The Statement of Work provided "Glorifi is a financial community built for every American, creating technology solutions suited for financial institutions, insurance companies, mortgage providers, and their customers." ***See* Ex. 11.**

26.     Pursuant to the Master Agreement, Kublr can terminate Animo's use of Kublr or the delivery of professional services upon written notice if Animo breaches a material provision of the Master Agreement and fails to cure the breach within thirty (30) days following such notice. ***See* Ex. 10.**

27.     When the Master Agreement terminates, the license granted in the Master Agreement terminates, and Animo is required to unintstall and cease use of Kublr and any delivered work product. ***See* Ex. 10.**

28.     The Master Agreement also provides that payment "is due within thirty (30) days from the date of the invoice" and Animo agrees "to pay Kublr's reasonable costs of collection of overdue amounts, including collection agency fees, attorney fees and court costs." ***See* Ex. 10.**

29.     Beginning in April 2022, Kublr provided services and support as required under the Master Agreement and Statement of Work. Kublr invoiced Animo for the amounts due and owing under the Master Agreement.

30.     To date, Animo has failed to pay $268,306 in license fees and professional services fees.

31.     Kublr also sent a demand letter to Animo on July 8, 2022, noticing the default under the Kublr Master Agreement and Statement of Work & Quote, and demanding payment by August 8, 2022, and the Kublr Master Agreement between Kublr and Animo, (collectively, the "Agreements").

32.     To date, Animo has failed to pay any of the outstanding sums due and owing under the Master Agreement.

33.     As indicated in the MSA, Master Agreement, and SOWs, all agreements entered into were for the benefit of Glorifi.

34.     The various software products and services were provided to Glorifi, for Glorifi's benefit, as evidenced by Glorifi's extensive involvement in the creation of the scope and terms of the agreements.

35.     Glorifi actively accepted and retained the benefits of the various products and services, voicing issues they ran into with the product and requesting solutions. Glorifi was thus aware of the benefit conferred upon it by EastBanc.

36.     Although Glorifi accepted and retained the products and services, they failed to provide payment for them.

37.     Thus, Glorifi inequitably retained the benefit of the various products and services provided by EastBanc without providing payment for the goods and services.

## COUNT I
### (Breach of Contract against Animo)

38.     The allegations of Paragraphs 1-37 are incorporated by reference in this Count.

39.     Pursuant to the Master Services Agreement between EastBanc and Animo, and

the Master Agreement between Kublr and Animo, Animo was obligated to provide payment in full within thirty (30) days from the date of any invoice.

40.     In material breach of their obligations under the Agreements, Animo failed to pay amounts due and owing to EastBanc under the MSA, and to Kublr under the Master Agreement.

41.     Despite demand, Animo failed to make payment to EastBanc and Kublr for the amounts owed under the MSA and Master Agreement.

42.     For the services rendered under the MSA, Animo has failed to pay $2,179,789.60.

43.     For the services under the Master Agreement, Animo has failed to pay $268,306.

44.     As a result of Animo's material breaches under the MSA, EastBanc and Kublr have suffered damages in excess of $2,448,095.60, the exact amount to be proven at trial.

45.     EastBanc and Kublr are entitled to have and recover from Animo an amount equal to the harm they have suffered as a result of Animo's breach of contract.

46.     EastBanc and Kublr are entitled to an award of interest, costs and reasonable attorney's fees against Animo.

WHEREFORE, Plaintiff EastBanc and Kublr request entry of judgment against Animo for breach of contract and an amount in excess of $2,448,095.60 including reasonable attorneys' fees and expenses, interest, and costs, and such other and further relief as the Court finds appropriate.

## COUNT II
### (Unjust Enrichment against Glorifi)

47.     The allegations set forth in paragraphs 1 through 46 are incorporated by reference with the same force and effect as if fully set forth herein.

48.     For the services rendered under the MSA, Glorifi has failed to pay $2,179,789.60.

49.     For the services under the Master Agreement, Glorifi has failed to pay $268,306.

50.    EastBanc  and Kublr provided $2,448,095.60 in various software products and services to Glorifi, for Glorifi's benefit.

51.    The various software products and services were accepted and retained by Glorifi.

52.    Glorifi accepted and retained the products and services even though it failed to provide payment for them.

53.    By providing software products and services, EastBanc and Kublr conferred a benefit upon GloriFi.

54.    Glorifi was aware of the benefit conferred upon it by EastBanc and Kublr. Glorifi has an appreciation and knowledge of the benefit conferred upon it by EastBanc and Kublr.

55.    It is inequitable for Glorifi to retain the benefit without providing payment for the goods and services.

WHEREFORE, Plaintiffs EastBanc and Kublr request entry of judgment against Glorifi for unjust enrichment and an amount in excess of $2,448,095.60 including reasonable attorneys' fees and expenses, interest, and costs, and such other and further relief as the Court finds appropriate.

DATED: August 29, 2022

Respectfully Submitted,

/s/ Philip T. Evans
HOLLAND & KNIGHT LLP
Philip T. Evans, D.C.Bar No. 441735
800 17th Street NW, Suite 1100
Washington, D.C. 20006
Tel: (202) 955-3000
Fax: (202) 955-5564
Philip.Evans@hklaw.com